# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CRUSHER DESIGNS, LLC, ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ATLAS COPCO POWERCRUSHER GmbH, et al, ) <br> Defendant(s). ) | Case No. 2:14-cv-01267-GMN-NJK <br><br> ORDER DENYING MOTION TO STAY DISCOVERY <br><br> (Docket No. 34) |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 34; *see also* Docket No. 21 (motion to dismiss for failure to state a claim). Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 38-39. The Court finds the motion to stay discovery properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to stay discovery is hereby **DENIED**.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek"

at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court has taken a preliminary peek at the motion to dismiss and is not convinced that it will be granted.[1] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

The Court has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing. Docket Nos. 21, 26, 30. The Court is simply not convinced that the motion to dismiss will be granted, such that conducting discovery will be a waste of effort.

Accordingly, the motion to stay discovery is hereby **DENIED**.

IT IS SO ORDERED.

DATED: April 17, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*