# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CRUSHER DESIGNS, LLC,<br><br>            Plaintiff,<br>       vs.<br><br>ATLAS COPCO POWERCRUSHER GmbH;<br>ATLAS COPCO USA HOLDINGS INC.; and<br>MINING, ROCK EXCAVATION AND<br>CONSTRUCTION LLC,<br><br>            Defendants. | Case No.: 2:14-cv-01267-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 21) filed by Defendants Atlas Copco U.S.A. Holdings Inc. and Mining, Rock Excavation and Construction LLC (collectively, "Atlas Copco").  Plaintiff Crusher Designs, LLC ("Crusher Designs") has filed a Response (ECF No. 26), and Atlas Copco has filed a Reply (ECF No. 30).

## I.    BACKGROUND

This action arises out of a dispute concerning the rights and obligations arising from a settlement agreement entered into by the current parties' predecessors in interest.

According to the First Amended Complaint, on or about March 19, 2002, Hartl Crushtek, LLC ("Crushtek"), by and through its principal Johann Schmidt ("Schmidt"), brought an action in the United States District Court for the District of Nevada against Hartl Anlagenbau GmbH ("Hartl Anlagenbau") and other parties, for, *inter alia*, trademark infringement and other alleged violations of the Lanham Act ("Prior Litigation"). (FAC ¶ 12, ECF No. 13); (Prior Litigation Complaint, Ex. 3 to FAC at 30–41, ECF No. 13-1).  One of the central issues in the Prior Litigation was a dispute over ownership of certain rock-crushing machine designs (the "Machine Designs"). (*Id.*).

On or about April 26, 2006, Crushtek, Schmidt, and Hartl Anlagenbau settled their dispute in the Prior Litigation and executed a Settlement Agreement, Assignment and Warranty ("Settlement Agreement") as well as a License Agreement. (Settlement Agreement and License Agreement, Ex. 2 to FAC, ECF No. 13-1).  Under the two agreements, all claims between Crushtek, Schmidt, and Hartl Anlagenbau were fully resolved, Hartl Anlagenbau was obligated to pay Crushtek $400,000, and—although Hartl Anlagenbau continued to deny that it possessed any of the disputed Machine Designs—Hartl Anlagenbau was granted a license providing the right to use the Machine Designs it allegedly possessed in perpetuity. (FAC ¶ 13, ECF No. 13); (Settlement Agreement ¶¶ 5, 7–8, Ex. 2 to FAC, ECF No. 13-1); (License Agreement Recitals ¶ 5, Ex. 2 to FAC, ECF No. 13-1).  The Settlement Agreement provides that it shall be binding upon the parties' successors. (Settlement Agreement ¶ 14, Ex. 2 to FAC, ECF No. 13-1).

The Defendants in this case, Atlas Copco, are the successors in interest to Hartl Anlagenbau, having acquired all of Hartl Anlagenbau's assets and rights, including its license to use the Machine Designs. (FAC ¶ 14, ECF No. 13).  Plaintiff Crusher Designs is the successor in interest to Crushtek and Schmidt, having obtained a judgment against Schmidt and several of his corporate entities in Indiana state court on fraud claims relating to the marketing and selling of rock-crushing machines. (*Id.* ¶¶ 16–17); (Indiana Judgment, Ex. 4 to FAC, ECF No. 13-1).  As part of the judgment, Crusher Designs was awarded title and interest to the Machine Designs and their related copyright marks. (FAC ¶¶ 18–19, ECF No. 13); (Indiana Judgment Award, Ex. 5 to FAC, ECF No. 13-1).

Crusher Designs, however, appears to have been unable to obtain copies of the Machine Designs from Schmidt or Crushtek because on February 28, 2014, Crusher Designs contacted Atlas Copco and demanded it provide them with copies of the Machine Designs. (FAC ¶ 20, ECF No. 13).  When Atlas Copco failed to provide Crusher Designs with copies of the Machine Designs, Crusher Designs initiated the present action before this Court by filing its Complaint

(ECF No. 1) on August 1, 2014.  Crusher Designs subsequently filed the operable First Amended Complaint, alleging three claims against Atlas Copco: (1) Breach of the License Agreement, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (3) Delivery/Recovery of Property. (FAC ¶¶ 21–39, ECF No. 13).  The First Amended Complaint seeks an order awarding Crusher Designs compensatory damages and requiring Atlas Copco to turn over copies of the Machine Designs and to pay Crusher Designs' attorneys' fees and costs. (*Id.* ¶¶ 40–44); *see also* (License Agreement ¶ 19, Ex. 2 to FAC, ECF No. 13-1) (providing that the prevailing party in any litigation related to the enforcement of the License Agreement shall be awarded reasonable attorneys' fees and costs from the losing party).

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    DISCUSSION

As noted above, Crusher Designs' First Amended Complaint asserts three claims against Atlas Copco: (1) Breach of the License Agreement, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (3) Delivery/Recovery of Property. (FAC ¶¶ 21–39, ECF No. 13).  Underlying all three of these claims is the contention that the License Agreement, either by its express terms or intended purpose, requires Atlas Copco to provide Crusher Designs with its copies of the Machine Designs. (*Id.* ¶¶ 23–24, 30–31, 35–37).  However, as explained in detail below, there is simply no support for this contention in either the text of the agreement or in the law.  Accordingly, Atlas Copco is entitled to the dismissal of all claims.

### A. Breach of Contract

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").  Crusher Design, however, fails to identify what term of the contract Atlas Copco allegedly breached. (FAC ¶¶ 21–27, ECF No. 13).  Instead, Crusher Designs generally asserts "[t]he License Agreement mandates cooperation in the concurrent use of the [Machine Designs]" and "[b]y refusing to Provide Plaintiff with the [Machine Designs], Defendants have deprived Plaintiff of its rights . . . ." (*Id.* ¶¶ 23–24).  This vague allegation is insufficient to assert a claim for breach of contract. *See Davenport v. GMAC Mortgage*, No. 56697, 2013 WL 5437119, at *6 (Nev. Sept. 25, 2013) ("Davenport did not identify what provisions of these alleged contracts were breached, . . . [h]e simply asserted that GMAC and the other defendants 'breached the contract terms causing damages to him.' . . . As pleaded, Davenport's breach of contract claim wholly failed to give GMAC fair notice as to the nature

of his claim."); *see also Joyner v. Bank of Am. Home Loans*, No. 2:09-CV-2406-RCJ-RJJ, 2010 WL 2953969, at *2 (D. Nev. July 26, 2010) *aff'd sub nom.*, 473 F. App'x 724 (9th Cir. 2012) ("Plaintiff fails to identify any particular part of the loan agreement that was allegedly breached and what conduct constituted that breach. . . .  Accordingly, dismissal of Plaintiff's claim for breach of contract is appropriate.").

Moreover, amendment of this claim would be futile because even in its Response, Crusher Designs is unable to point to any provision of the License Agreement that was breached by Atlas Copco's failure to provide it with copies of the Machine Designs.  In the Response, Crusher Designs references two provisions and one recital of the License Agreement, claiming that these portions of the agreement create a duty to cooperate and facilitate the other's use of the Machine Designs, thereby requiring Atlas Copco to provide it with copies of the Machine Designs. *See* (Resp. 7:19–9:26, ECF No. 26).  However, the provisions and recital cited by Crusher Designs create no such duty or requirement.

The first provision cited, paragraph 3(b), simply states that both the licensor and the licensee have the right to enforce their interests in the Machine Designs against a third party.[1] There is nothing in the provision even implying that the parties to the agreement must facilitate the other's use of the Machine Designs.  Likewise, the second provision cited by Crusher Designs, paragraph 6, prohibits the parties to the License Agreement from disclosing confidential information to third parties without the other party's consent.[2]  Both provisions

---

[1] Paragraph 3(b) of the License Agreement is entitled Right of Enforcement, and states:
  Licensor and Licensee shall have the joint right to enforce all right, title and interest in and to the Licensed Intellectual Property against any third-party in the world, including, but not limited to, Western Retek GmbH and any of its related companies and manufacturers.  Licensee shall have the authority to initiate and prosecute any proceeding unilaterally to enforce its rights in the Licensed Intellectual Property.
(License Agreement ¶ 3(b), Ex. 2 to FAC, ECF No. 13-1).

[2] Paragraph 6 of the License Agreement is entitled Confidentiality, and states:
  Licensor and Licensee each acknowledge that the Licensed Intellectual Property, and any other information the parties may exchange that is designated in writing as confidential, constitute

relate to the protection of the Machine Designs from third parties, not a mutually supportive, cooperative use of the intellectual property.  This description of the parties' future relationship as one limited to only the protection of the subject intellectual property from third parties is reinforced rather than undermined by the recital cited by Crusher Designs as creating a duty to cooperate.  Paragraph 4 of the License Agreement Recitals states that the parties "agree to have concurrent rights to use the Licenses Intellectual Property and exclude all third-party use of [said property]." (License Agreement Recitals ¶ 4, Ex. 2 to FAC, ECF No. 13-1).  Accordingly, if any inference is to be drawn from the License Agreement concerning the relationship between the contracting parties going forward, it is that the parties cannot interfere with the other party's use, but they have no obligation to assist the other or work together except to protect the shared intellectual property from third parties.  Indeed, as would be expected from any litigation settlement agreement, the License Agreement enables the parties to independently protect their interests and requires them to do no future harm to the other, but it contains no requirement that parties maintain a perpetual, mutually beneficial relationship. Therefore, because Crusher Designs has failed to sufficiently plead its breach of contract claim and amendment of its claim would be futile, this claim is dismissed with prejudice.

---

trade secrets ("Confidential Information").  Accordingly, each agrees not to disclose the Confidential Information, to use reasonable means to protect the Confidential Information from disclosure, and to use the Confidential Information only for activities conducted pursuant to this Agreement.  Confidential Information may be disclosed with prior written consent of the other party, or without prior written consent if the recipient needs to know in connection with employment or engagement with either the Licensor or Licensee, provided, however, that the Licensor or Licenses [sic] who discloses the Confidential Information remains responsible and liable for all unauthorized disclosures of Confidential Information.  The foregoing will not prevent either party from disclosing information that already belongs to that party or (i) is already known by the recipient party without an obligation of confidentiality; (ii) is publicly known or becomes publicly known through no unauthorized act of the recipient party; (iii) is rightfully received from a third party; (iv) is independently developed without use of the other party's Confidential Information; or (v) is disclosed without similar restrictions to a third party by the party owning the Confidential Information.  Confidential Information may be disclosed if required pursuant to a requirement by a governmental authority.
(License Agreement ¶ 6, Ex. 2 to FAC, ECF No. 13-1).

**B.  Breach of Implied Covenant of Good Faith and Fair Dealing**

To succeed on a claim for breach of the covenant of good faith and fair dealing, a plaintiff must show that: (1) plaintiff and defendant were parties to an agreement; (2) defendant owed a duty of good faith to the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam).  In Nevada, an implied covenant of good faith and fair dealing exists in every commercial contract, *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (per curiam), and a plaintiff may assert a claim for its breach "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–923 (Nev. 1991).

As with its breach of contract claim, Crusher Designs has failed to sufficiently plead how Atlas Copco's failure to provide it with copies of the Machine Designs constituted a breach of its duties under the License Agreement.  In its Response, Crusher Designs again asserts its contention that the purpose or spirit of the License Agreement was to enable both parties to concurrently use the Machine Designs and therefore Atlas Copco had a duty to facilitate Crusher Designs' use of the Machine Designs.  As discussed in regards to the breach of contract claim, this contention is simply not true. *See supra* Part III.A.  The purpose of the License Agreement was not to require the parties to cooperate in the future and assist each other in their use of the Machine Designs.  Its purpose was to enable the parties to use the Machine Designs they each may have possessed while agreeing to protect those designs from use by third parties.  Accordingly, Atlas Copco did not breach the covenant of good faith and fair dealing by failing to provide copies of the Machine Designs to Crusher Designs because that failure was not unfaithful to the purpose, intention, or spirit of the License Agreement. *See*

*Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("The contract between the parties obligated Nelson to make those disclosures that were required under NRS 113.130, and we have already concluded that Nelson was not under any NRS 113.130 duty to disclose the water damage to Heer.  Since Nelson bore no contractual duty to disclose the water damage, Nelson's omission did not constitute an arbitrary or unfair act" causing a breach of the implied covenant of good faith and fair dealing.).  Therefore, because Crusher Designs has failed to sufficiently plead its claim for breach of the implied covenant of good faith and fair dealing and amendment of its claim would be futile, this claim is dismissed with prejudice.

### C.  Delivery/Recovery of Property

Though unclear from its First Amended Complaint, based upon the law cited in the Response, Crusher Designs' claim for Delivery/Recovery of Property appears to be a claim for conversion.  Nevada law defines conversion as "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein *or* in derogation, exclusion, or defiance of such title or rights." *M.C. Multi-Family Dev., L.L.C. v. Crestdale Associates, Ltd.*, 193 P.3d 536, 542 (Nev. 2008).  "A conversion occurs whenever there is a serious interference to a party's rights in his property." *Bader v. Cerri*, 609 P.2d 314, 317 (Nev. 1980) *overruled on other grounds by Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043 (Nev. 2000).

Here, Atlas Copco's failure to provide Crusher Designs with copies of the Machine Designs does not give rise to a claim of conversion.  Atlas Copco is not wrongfully asserting dominion over Crusher Designs' property because under the License Agreement it has a lawful right to possess its copies of the Machine Designs and there is no allegation it has overstepped the bounds of its license.  Furthermore, Atlas Copco is not denying Crusher Designs its use of the Machine Designs nor using the property in a way that is inconsistent with or in defiance of Crusher Designs' rights to the Machine Designs.  Though the issue is confused somewhat by

the fact that the property at issue is intellectual property that is capable of being copied, failing to give or share your own lawfully held copy of intellectual property does not interfere with their own rights to that property.  Therefore, because Crusher Designs' conversion claim must fail and amendment of its claim would be futile, this claim is dismissed with prejudice.

### D. Attorneys' Fees and Costs

Paragraph 19 of the License Agreement states: "In the event of [sic] litigation or related proceedings are necessary to enforce this Agreement, the prevailing party shall be entitled to recover all reasonable costs and expenses incurred by that party including reasonable attorneys' fees." (License Agreement ¶ 19, Ex. 2 to FAC, ECF No. 13-1).  Having now dismissed all the claims in the First Amended Complaint with prejudice, the Court finds that Atlas Copco is the prevailing party in a litigation relating to the enforcement of the License Agreement.  Accordingly, it is entitled to recover reasonable attorneys' fees and costs from Crusher Designs.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Atlas Copco's Motion to Dismiss (ECF No. 21) is **GRANTED**.  Crusher Designs' First Amended Complaint (ECF No. 13) is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Atlas Copco, as the prevailing party, be awarded reasonable attorneys' fees and costs associated with litigating this action.  Atlas Copco shall file a motion for attorneys' fees in accordance with Nevada Local Rule 54-16 within fourteen days after the entry of this Order.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 23rd day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge