UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CRUSHER DESIGNS, LLC, et al., | ) | Case No. 2:14-cv-01267-GMN-NJK |
| Plaintiff(s), | ) ) | ORDER |
| vs. | ) ) | (Docket No. 47) |
| ATLAS COPCO POWERCRUSHER GmbH, et al., | ) ) ) | |
| Defendant(s). | ) ) | |

Pending before the Court is Defendants' motion to seal. Docket No. 47. The Court hereby **DENIES** the motion to seal without prejudice. The Court **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time being, but Defendants must file a renewed motion to seal no later than September 8, 2015. In the event Defendants fail to do so, the Court may order the subject documents unsealed.

**I.    STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the

competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of*

*Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

**II.     ANALYSIS**

The pending motion contains roughly half a page of boilerplate representations in support of the request to seal. The motion assumes that the "compelling reasons" standard applies to the pending motion to seal, Docket No. 47 at 1,[1] but fails to satisfy that standard. Instead, the motion makes generalized statements that the attorney rates at issue "have independent economic value because they are not generally known" and that their disclosure could cause Defendants' counsel economic harm if competitors undercut them. *See id.* Defendants failed to acknowledge that Judge Leen recently rejected similar representations under the compelling reasons standard for a motion to seal presented by one of the same attorneys currently before this Court. *See Avnet, Inc. v. Avana Techs. Inc.*, 2014 WL 6882345, *1 (D. Nev. Dec. 4, 2014).[2] Defendants provide no argument why the undersigned should not follow Judge Leen's course. Moreover, the motion to seal relies on the same type of conclusory assertions of confidentiality long eschewed by the Ninth Circuit. *See, e.g.*, *Kamakana*, 447 F.3d at 1182 (rejecting conclusory assertions that documents are "confidential" or would hinder future operations). Accordingly, the pending motion to seal fails to satisfy the compelling reasons standard.

In addition, Defendants have filed only a redacted version of their billing entries under seal. *See* Docket No. 45. No version (redacted or otherwise) was filed on the public docket. *See* Docket No. 48-2 (containing only a place-holder for exhibit A). Generally, parties file unredacted versions of their

---

[1] Defendants have cited no authority regarding the standard applicable to a post-judgment motion for attorneys' fees brought pursuant to Federal Rule of Civil Procedure 54(d)(2). The Court does note, however, that Defendants' assumption appears to be supported by that rule itself. *See* Fed. R. Civ. P. 54(d)(2)(D) (the district judge "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter"). Nonetheless, the Court expresses no opinion herein as to which standard is applicable, and assumes for purposes of this order that the compelling reasons standard applies.

[2] The undersigned has previously sealed attorney records under the "good cause" standard. *See Aevoe Corp. v. AE Tech Co.*, 2014 U.S. Dist. Lexis 119544, *3 (D. Nev. Aug. 8, 2014); *Herb Reed Enterps. v. Monroe Powell's Platters, LLC*, 2013 U.S. Dist. Lexis 969948, *3 (D. Nev. July 11, 2013). Such orders are not controlling with respect to the Court's analysis of whether "compelling reasons" exist to seal. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2014 U.S. Dist. Lexis 16349, *6-7 (D. Nev. Feb. 7, 2014).

documents under seal pending resolution of the concurrently-filed motion to seal, and redacted versions on the public docket. *Cf. Foltz*, 331 F.3d at 1137 (sealing of entire document is improper when confidential information can be easily redacted). It is not clear whether the docketing of Exhibit A in this manner was a filing mistake by counsel. At any rate, Defendants' renewed motion to seal must explain why a redacted version of Exhibit A should not be filed publicly and an unredacted version be filed under seal.

### III. CONCLUSION

The motion to seal as currently presented fails to satisfy the compelling reasons standard for sealing and is therefore **DENIED** without prejudice. The Court hereby **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time being. Defendants must file a renewed motion to seal no later than September 8, 2015. In the event Defendants fail to do so, the Court may order the subject documents unsealed.

IT IS SO ORDERED.

DATED: August 31, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge