UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CRUSHER DESIGNS, LLC, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ATLAS COPCO POWERCRUSHER GmbH, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:14-cv-01267-GMN-NJK <br><br> REPORT AND RECOMMENDATION <br><br> (Docket Nos. 46, 48) |

Pending before the Court is Defendants' motion for attorneys' fees. Docket Nos. 46, 48.[1] Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 50, 53. This matter was referred to the undersigned to prepare a report and recommendation pursuant to Federal Rule of Civil Procedure 54(d)(2)(D). The undersigned finds the matter properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion be granted in part and denied in part.

**I.  OVERVIEW**

This case involves a dispute regarding copies of machine designs. In the first amended complaint, Plaintiff brought three claims against Defendants: (1) breach of the license agreement; (2) breach of the implied covenant of good faith and fair dealing; and (3) delivery/recovery of property. *See,*

---

[1] The motion was filed under seal and on the public docket in redacted form. *See* Docket Nos. 46, 48. The Court denied Defendants' sealing request without prejudice. Docket No. 52. Defendants subsequently abandoned their efforts to seal the documents. *See* Docket No. 56; *see also* Docket No. 55.

*e.g.*, Docket No. 43 at 3.[2]  On July 23, 2015, Chief United States District Judge Gloria M. Navarro granted Defendants' motion to dismiss all three claims. *See id.* at 5-10.  Judge Navarro also found that Defendants were entitled to recover attorneys' fees and costs pursuant to the license agreement. *See id.* at 10.

Defendants' motion for a calculation of its attorneys' fees is now before the Court.

## II.    LODESTAR CALCULATION

Federal courts sitting in diversity apply state law in calculating attorneys' fees. *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)).  One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See Shuette*, 124 P.3d at 549 & n.98 (quoting *Herbst v. Humana Health Ins. of Nevada*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014).  In calculating attorneys' fees, Nevada law also requires courts to consider the qualities of the advocate, the character of the work done, the work actually performed by the lawyer, and the result. *See, e.g.*, *Hornwood v. Smith's Food King No. 1*, 807 P.2d 208, 213 (Nev. 1991) (citing *Brunzell v. Golden Gate National Bank*, 445 P.2d 31, 33 (Nev. 1969)).

State law also establishes the required showing to substantiate the attorneys' fees sought. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009).  Requests for attorneys' fees must be supported by affidavits or other appropriate evidence. *See, e.g.*, *Miller v. Wilfong*, 119 P.3d 727, 730 (Nev. 2005); *see also* N.R.C.P. 54(d)(2)(B).

### A.    HOURLY RATE

Defendants seek to calculate their fees based on the hourly rates of $555-575 for Michael McCue (a partner at Lewis Roca Rothgerber), $300-335 for Meng Zhong (a fifth-year associate at Lewis Roca

---

[2] As the facts underlying this case have already been summarized elsewhere, the undersigned will not repeat them at length here.

Rothgerber), and $205-$225 for two paralegals at Lewis Roca Rothgerber. *See* Docket No. 46 at 2-3. Mr. McCue has submitted a declaration indicating that "the attorneys' fees charged in this case are reasonable." Docket No. 48-1 at ¶ 17. Plaintiff does not challenge any of these rates, but the undersigned will nonetheless review the reasonableness of the rates claimed. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

"Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, *10 (D. Nev. July 28, 2015). Courts awarding attorneys' fees in intellectual property or other complex cases routinely award fees based on rates within that range. *See, e.g.*, *Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, *7 (D. Nev. May 22, 2015) (refusing to calculate partner's fees at hourly rate of $460, and instead calculating the lodestar at hourly rate of $350); *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, *10-11 (D. Nev. Apr. 16, 2015) (awarding rates of between $268 and $361 for partners, and between $95 and $275 for associates); *CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, *5 (D. Nev. Dec. 5, 2013) (refusing to calculate hourly rates between $650 and $400 for attorneys working "for a law firm with an excellent reputation," and instead calculating lodestar at hourly rate of $450 for partner and $250 for experienced associates); *Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL 5324787, *8 (D. Nev. Sept. 20, 2013) (applying hourly rates of $375 and $400 for partners). As for very experienced paralegals, the prevailing rate is in the range of $125. *See, e.g.*, *Boliba v. Camping World, Inc.*, 2015 WL 5089808, *4 (D. Nev. Aug. 27, 2015) (setting rate at $125 for paralegal with paralegal certificate and 24 years experience).

The rates requested by counsel for their work in this breach of contract case are significantly higher than the prevailing rate in the market for similar attorneys doing similar work. Indeed, Mr. Zhong is seeking a rate similar to what was found reasonable by this Court only two years ago for a partner with 35 years experience at a highly respected law firm. *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding rate of $375 reasonable for that attorney); *see also John Hancock Life Ins. Co. v. Jacobs*, 2014 U.S. Dist. Lexis 19283, *8 (D. Nev. Feb. 13, 2014) (calculating lodestar in interpleader case based on hourly rate of $300 for partner at Lewis Roca Rothgerber and $250 for associate).

3

Applying the *Brunzell* factors and in reviewing the record, the undersigned finds that counsel and their paralegals should be compensated at the high end of the prevailing rates in this District. The *Brunzell* factors and the record do not support a finding, however, that the reasonable rates in this case should be even higher than those prevailing rates. As such, the undersigned will calculate the lodestar with hourly rates as follows: Mr. McCue = $450; Mr. Zhong = $250; Paralegals = $125.

B.   HOURS

Having decided the hourly rate that should be applied in this case, the Court turns to the hours reasonably expended. Plaintiff makes three challenges to the hours claimed. First, Plaintiff argues that the hours should be apportioned to reflect that the contractual provision upon which attorneys' fees are being sought provides for a recovery of fees for only one of Plaintiff's three claims. Second, Plaintiff argues that hours expended prior to commencement of suit are not recoverable. Third, Plaintiff argues that the hours expended were excessive. Each argument will be addressed in turn.

1.   Apportionment

Plaintiff argues as a threshold matter that the attorneys' fees awarded should be apportioned to reflect that fees are recoverable in relation to one of the claims pursued by Plaintiff, but not in relation to the other two claims. Docket No. 50 at 4. Defendants counter that apportionment is not proper because the three claims are "essentially the same." Docket No. 53 at 3. Defendants have the better argument.

Under Nevada law, apportionment of attorneys' fees is not mandatory when the fees were incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. *See Home Gambling Network*, 2015 WL 1734928, at *4 & n.2 (discussing *Mayfield v. Koroghli*, 184 P.3d 362, 369 (Nev. 2008)). The key determination is whether the claims at issue are inextricably intertwined such that apportioning fees is impracticable. *See, e.g.*, *id.*

In this case, Plaintiff's first amended complaint alleges three claims: (1) breach of the license agreement; (2) breach of the implied covenant of good faith and fair dealing; and (3) delivery/recovery of property. "Underlying all three of these claims is the contention that the License Agreement, either by its express terms or intended purpose, requires Atlas Copco to provide Crusher Designs with its

copies of the Machine Designs." Docket No. 43 at 5. Given that the same factual allegations are at the core of each of Plaintiff's claims, the undersigned finds that apportioning fees in this matter is impracticable.

### 2.    Pre-Litigation Hours

The parties next dispute whether Defendants can recover for the hours their attorneys spent before litigation was commenced. Neither party cites any Nevada law regarding the ability to recover attorneys' fees for time spent prior to commencement of litigation, and the Court has located no such authority through its independent research. As such, the Court must try to predict how the Nevada Supreme Court will decide the issue. *See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1548 (9th Cir. 1989). The Ninth Circuit has made clear that hours expended outside the subject litigation are recoverable so long as it was time that "'would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest' in the case at bar." *Armstrong v. Davis*, 318 F.3d 965, 971-72 (9th Cir. 2003) (quoting *Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 638 (9th Cir. 1989)). With respect to recovery of pre-litigation fees specifically, courts have generally found them to be recoverable so long as the hours expended were reasonably necessary in preparing for litigation. *See Sierra Club v. U.S. E.P.A.*, 625 F. Supp. 2d 863, 870 (N.D. Cal. 2007) (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993)). Such time is generally recoverable if it was spent preparing pleadings, developing the theory of the case, or conducting a factual investigation that is equivalent to time that would have been spent later in the litigation. *Mattel, Inc. v. MGA Enter., Inc.*, 801 F. Supp. 2d 950, 956 (C.D. Cal. 2011); *see also Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) (awarding pre-litigation fees for conferences with clients, drafting the complaint and other reasonable efforts directed toward commencing litigation). The Ninth Circuit has also held that time spent in relation to cease-and-desist efforts may be recovered. *See Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 764 (9th Cir. 2015), *petition for cert. filed*, Case No. 15-201 (U.S. Aug. 4, 2015). The undersigned believes the Nevada Supreme Court would adopt this approach.

Plaintiff argues as a threshold matter that pre-litigation fees are not recoverable in this case under the particular contract provision from which the attorneys' fees award is based in this case. *See* Docket No. 50 at 3. In particular, Plaintiff argues that events prior to commencement of litigation are not

"litigation" or "proceedings" related to enforcement of the License Agreement. *Id.* Plaintiff reads the applicable provision too narrowly. That provision states as follows:

> In the event of [sic] litigation or related proceedings are necessary to enforce this Agreement, the prevailing party shall be entitled to recover all reasonable costs and expenses incurred by that party including reasonable attorneys' fees.

Docket No. 13-1 at 7. While this provision refers to litigation or related proceedings, it does not specify that only fees expended during litigation or related proceedings are recoverable. Instead, it provides that all reasonable attorneys' fees incurred are recoverable in the event that litigation occurs. The undersigned finds that nothing in the applicable provision merits a departure from the typical approach outlined above that pre-litigation fees are recoverable if they were reasonably necessary in preparing for litigation.

Plaintiff also challenges the particular time at issue. The time spent by Defendants' counsel prior to the commencement of litigation consisted in part of reviewing and preparing correspondence with Plaintiff's counsel regarding the issues underlying this action. *See, e.g.*, Docket No. 45 at 2, 4-8. For example, Plaintiff's counsel sent a letter to Defendants on February 7, 2014, asserting that "Atlas Copco, whether knowingly or otherwise, is infringing upon all of the rights set forth in [an attachment] and is trading and profiting upon the assets that belong to our client." Docket No. 48-2 at 5. The letter then requests a response to those allegations. *See id.* Defendants' counsel reviewed that letter and prepared a response, which prompted further correspondence. *See id.* at 10-29. The undersigned finds time reasonably spent reviewing and responding to Plaintiff's pre-litigation correspondences is properly recoverable in this case. *Cf. Ryan*, 786 F.3d at 764.

Plaintiff also bemoans counsel's pre-litigation time spent conducting a factual investigation. *See* Docket No. 50 at 4. As noted above, however, conducting a factual investigation is generally recoverable when that investigation is equivalent to the time that would have been spent later in litigation. Defendants have explained that the factual investigation was necessary, *inter alia*, to determine whether Atlas Copco ever possessed copies of the disputed designs. *See* Docket No. 53 at 2. Defendants further explained that such factual investigation would have been conducted after suit was filed if it had not been done earlier. *Id.* The undersigned finds that a reasonable amount of time spent doing so in this case is recoverable. *See Mattel*, 801 F. Supp. 2d at 956.

In short, the undersigned finds that the pre-litigation time claimed in this case is recoverable.[3]

### 3. Excessiveness

The Court must provide an explanation for any reduction in the amount of fees to be allowed. *See, e.g.*, *Argentena Consul. Min. Co. v. Jolley Urga*, 216 P.3d 779, 787 n.2 (Nev. 2009). "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008). Such a haircut would consist of no more than a 10% reduction in the hours sought. *See id.* at 1112 (explaining that a less detailed explanation is required for a haircut).

Plaintiff contends that the hours billed were excessive and unreasonable. Docket No. 50 at 4. Plaintiff makes this argument in fairly general terms. For example, Plaintiff argues that the time spent investigating the factual record showed that it was being "scoured" unnecessarily. *Id.* Similarly, Plaintiff argues that "[t]he briefing on the Motion to Dismiss and the responses to Plaintiff's discovery requests simply do not warrant 70 plus hours of work." *Id.* Defendants respond that the hours expended were reasonably necessary. For example, Defendants argue that the factual review was necessary to the case. Docket No. 53 at 2. Defendants also contend that the brevity of its briefing is actually indicia of counsel's diligence to draft thoughtful, but concise briefs. *Id.* at 4.

Based on the undersigned's review of the record, it does appear that the hours expended were somewhat excessive. For example, Mr. Zhong spent 7.3 hours drafting a letter consisting of roughly one page of text. *See* Docket No. 45 at 7; *see also* Docket No. 48-2 at 28-29 (letter). Mr. Zhong also spent .5 hours "reviewing" the order denying the motion to stay, which consists of 32 lines of text (*i.e.*, he spent roughly one minute reviewing each line of text). Docket No. 45 at 20; *see also* Docket No. 40 (order). Mr. Zhong spent .7 hours preparing a certificate of interested parties. Docket No. 45 at 23; *see also* Docket No. 41 (certificate of interested parties). Such expenditure of time is clearly excessive. *Cf. John Hancock*, 2014 U.S. Dist. Lexis 19283, at *8 & n.2 (reducing as excessive .2 hours claimed for reviewing minute order). Nonetheless, the undersigned cannot say that a reduction in hours of a

---

[3] As discussed below, the undersigned will reduce the amount of time for which fees are awarded.

significant magnitude is warranted in this case based on the hours claimed as a whole. Instead, in reviewing the record and applying the *Brunzell* factors, the undersigned finds that a more modest 10% reduction is sufficient to account for any excessiveness in the hours claimed.

    C.    FEES TO BE AWARDED

In light of the reasonable hours and rates determined above, the undersigned hereby calculates the lodestar as follows:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael McCue | 16.65 | $450 | $7492.50 |
| Meng Zhong | 90.63 | $250 | $22,657.50 |
| Paralegals | 3.06 | $125 | $382.50 |

Accordingly, the undersigned finds a lodestar amount of $30,532.50.

**III.   CONCLUSION**

The undersigned hereby **RECOMMENDS** that Defendants be awarded $30,532.50 in attorneys' fees.

IT IS SO ORDERED

DATED: September 30, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).